**256 P.2d 791**

**STATE v. MARTINEZ.**
No. 5590.

Supreme Court of New Mexico.
April 30, 1953.

H. A. Kiker and Alfred P. Whittaker, Santa Fe, for appellant.

Richard H. Robinson, Atty. Gen., Hilario Rubio, Asst. Atty. Gen., and Fred M. Standley, Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The defendant seeks a reversal of his conviction of assault with a deadly weapon, to-wit, a knife, on Jose A. Trujillo, upon the following grounds:

1. There was no substantial evidence to support the conviction on a charge of assault with a deadly weapon.

2. The state failed to offer any proof that the weapon allegedly used was in fact a deadly weapon within the meaning of the statute, Sec. 41–1707, 1941 Compilation.

The evidence shows some years prior to the altercation which resulted in the defendant's conviction he and Trujillo had engaged in a difficulty.

On the night of the fight here involved the defendant in a truck and Trujillo in a car drove down Rodarte Hill with the defendant in the lead until about the bottom of the hill. The prosecuting witness finally passed the defendant, but shortly after he did so his car stopped in the road ahead of the defendant. The prosecuting witness testified while he was sitting in his car working on the starter the defendant stopped his truck behind Trujillo, got out and came to Trujillo's car with a rifle which he was flourishing in a threatening manner; that Trujillo got out of the car, grabbed the rifle, took it from the defendant and threw it away, and thereupon he discovered the defendant had an open knife in his hand. Trujillo attempted to take the knife from the defendant but was unable to do so and received several cuts, the most severe being one several inches in depth in the lower chest wall. Trujillo was confined in a hospital under the care of a physician for about one week following his injuries.

There is testimony in the record that while Trujillo was attempting to take the knife from the defendant the latter's sister was assisting her brother by beating Trujillo on the back of the head.

There is also evidence by other witnesses who came to the scene of the fight about the parties being on the ground and the fight being stopped.

It is true the defendant and his sister gave testimony contradicting that of the prosecuting witness Trujillo, but it was for the jury to say which of the witnesses they would believe, and whether the defendant should have been acquitted on the ground of self-defense. Without detailing more of the evidence of the fight, it is sufficient to say there is ample testimony to sustain a finding that the defendant was the aggressor and that he assaulted the witness Trujillo with both a gun and a knife, although he was acquitted of the gun charge.

The claim there was not sufficient proof the knife used was a deadly weapon is likewise without merit. Section 41–1707, supra, which defines deadly weapons, reads:

"Deadly weapons, within the meaning of this article shall be construed to mean all kinds and classes of pistols, whether the same be a revolver, repeater, derringer, or any kind or class of pistol or gun; any and all kinds of daggers, bowie-knives, poniard, butcher knives, dirk-knives, and all such weapons with which dangerous cuts can be given, or with which dangerous thrusts can be inflicted, including swordcanes, and any kind of sharp pointed canes; as also slungshots, bludgeons *or any other deadly weapons with which dangerous wounds can be inflicted.*" (Italics ours.)

For a knife to be a deadly weapon it must come within the italicized portion of the statute. It is true the knife was not introduced in evidence, but according to the defendant when the fight was over he put it back in his pocket, and presumably it was in his possession or control at the time of the trial, so the state may not be put in fault for not producing such knife at the trial for the inspection of the jury.

It is also true no one directly testified the knife was one with which dangerous wounds could be inflicted, but the wounds were described by the physician who treated Trujillo, and they were sufficiently severe to keep him in a hospital under the doctor's care for a week. In addition, the scars on Trujillo caused by the knife wounds were shown to the jury. In view of the depth and length of the wounds the jury was fully justified in finding the knife used was a deadly weapon, although the blade used was only about two inches in length.

The claims of error are without merit, and the judgment will be affirmed.

It is so ordered.

SADLER, C. J., and COMPTON, COORS, and LUJAN, JJ., concur.